UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-22810-CIV-MOORE/SIMONTON
<u>CONSENT CASE</u>

**KELLEY FREYRE**

    Plaintiff,

v.

**TIN WAI HUI DMD, P.A., et al.,**

    Defendants.
_____/

**<u>ORDER GRANTING JOINT MOTION FOR DISMISSAL WITH PREJUDICE</u>**

Presently pending before the Court is the Joint Motion for Dismissal With Prejudice (DE # 17). This case is referred to the undersigned Magistrate Judge based upon the consent of the parties (DE # 10). Following a careful review of the record and for the reasons stated herein, the motion is GRANTED.

I.    **BACKGROUND**

On October 8, 2008, Plaintiff sued Defendants under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, alleging that her employer owed her unpaid overtime wages (DE # 1).[1]

On January 8, 2009, Plaintiff filed an Amended Statement of Claim in which she asserted that she was entitled to recover $3,159.76 (consisting of unpaid overtime wages over three years, including liquidated damages under 29 U.S.C. § 216), plus attorneys'

---

[1] Although this lawsuit was initially filed as a collective action under the FLSA, Plaintiff has not identified "any similarly situated individual who has expressed an interest in filing a written consent to join this lawsuit, as required by the FLSA." *Mackenzie v. Kindred Hospitals East, LLC*, 276 F. Supp. 2d 1211, 1212 (M.D. Fla. 2003).

fees and costs (DE # 16).[2]

On January 9, 2008, the parties filed the instant Joint Motion for Dismissal With Prejudice (DE # 17).  The parties state that "[t]he Plaintiff is being compensated 100% (including liquidated damages) of the damages owed based on the Defendant's time records" (DE # 17 at 1).  Moreover, the parties agree that because Plaintiff will recover the full amount of FLSA compensation she is allegedly owed, it is not necessary for the Court to scrutinize and approve the settlement because no compromise is involved and the settlement is necessarily a "fair and reasonable resolution" of the parties' dispute under *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982).  *See Figueroa v. Age Wise, Inc.*, No. 6:08-CV-1-ORL-19KRS, 2008 WL 5263740, at *1 (M.D. Fla. Dec. 17, 2008); *Mackenzie v. Kindred Hospitals East, LLC*, 276 F. Supp. 2d 1211, 1217-19 (M.D. Fla. 2003) ("Since the plaintiff has been offered full compensation on his claim, this case does not involve a compromise.  There is no need for judicial scrutiny where, as here, the defendant represents that it has offered the plaintiff more than full relief, and the plaintiff has not disputed that representation.").  The undersigned recognizes, however, that the fact that the parties agree that Plaintiff is receiving full relief may not be dispositive of the issue and will not preclude judicial review.  *See, e.g., Silva v. Miller*, 547 F. Supp. 2d 1299 (S.D. Fla. 2008) (FLSA settlement agreement reviewed by Court, and amount to be paid to Plaintiff was adjusted upward and amount of attorney's fees reduced, even though the parties stipulated that the plaintiff would recover all the wages that she was owed under the original agreement).

In the case at bar, the parties agree – and the undersigned has confirmed, based

---

[2] The undersigned notes that Plaintiff's initial statement of claim sought a total of $18,720 in lost wages and liquidated damages, plus attorneys' fees (DE # 15).

upon an *in camera* review of the confidential settlement agreement – that the settlement agreement in the case at bar provides Plaintiff with a recovery that exceeds not only the cost of lost wages as set forth in Plaintiff's Amended Statement of Claim (DE # 16), but liquidated damages as well, and therefore constitutes a "full recovery," which renders the case moot and obviates the need for judicial scrutiny of the settlement agreement. *See Figueroa; Mackenzie*, *supra*.  Moreover, even assuming judicial scrutiny of the agreement is warranted, the undersigned finds that it is a fair and reasonable resolution of the case.  It is, accordingly,

**ORDERED AND ADJUDGED** that the parties' Joint Motion for Dismissal With Prejudice (DE # 17) is granted, and this case is **DISMISSED WITH PREJUDICE**.  The settlement agreement is **APPROVED** as a fair and reasonable settlement.  The telephonic status and scheduling conference, which was previously set for February 4, 2009, is hereby **CANCELED**.

**DONE AND ORDERED** in chambers, in Miami, Florida on January 13, 2009.

*/s/ Andrea M. Simonton*
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
All counsel of record